# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GERREK FRENCH, | ) |
| Petitioner, | ) |
| v. | ) No. 4:13CV472 JAR |
| IAN WALLACE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court in this action brought pursuant to 28 U.S.C. § 2254, are petitioner's motions to proceed in forma pauperis, for appointment of counsel, and for evidentiary hearing.

Because petitioner has paid the $5 filing fee in this action, his motion to proceed without prepayment of the filing fee, or to proceed in forma pauperis, will be denied as moot.

Petitioner's motion for appointment of counsel will also be denied at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present

the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors and reviewing petitioner's forty-five (45) page petition, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.  Moreover, based on petitioner's presentation of the issues in his petition, he seems quite capable of litigating this action on his own. Therefore, his motion for appointment of counsel will be denied, without prejudice, at this time.

Last, petitioner's motion for evidentiary hearing will also be denied.  See Rule 8 of the Rules Governing Section 2254 Cases.  Under 28 U.S.C. § 2254(e)(2), a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings ... [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [ ] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when the merits of petitioner's claims may be resolved based on the state court record. McCann v. Armontrout, 973 F.2d 655, 658–59 (8th Cir.1992).

At this stage of the litigation, it appears that the state court record contains sufficient facts to make an informed decision on the merits of petitioner's claims. Petitioner's claims challenge the sufficiency of the evidence before the trial court and various matters of state law.  Because petitioner's claims do not require further factual development and may be adequately resolved on the record, an evidentiary hearing does not appear to be necessary.  For that reason, his motion for evidentiary hearing will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motions for appointment of counsel [Doc. #3 and #6] are **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing [Doc. #4] is **DENIED**, without prejudice.

Dated this 4th day of April, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE