UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERREK FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-472-JAR |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion in Limine Alternatively Motion for Evidentiary Hearing for "Offer of Proof" of States Knowing Use of Perjured Testimony." (Doc. No. 31) Plaintiff seeks an order prohibiting the knowing use of false testimony from State's witness Artavia Calvin. Alternatively, Plaintiff requests an evidentiary hearing in order to make an offer of proof of Ms. Calvin's false and inconsistent statements.

Plaintiff first requested an evidentiary hearing on March 13, 2013. (Doc. No. 4) His request was denied without prejudice on April 4, 2013. (Doc. No. 9) On April 25, 2013, Plaintiff again moved for an evidentiary hearing, stating a hearing was required to establish that perjury had been committed before the state court. (Doc. No. 12) Finding Plaintiff's claims did not require further factual development and could be adequately resolved on the record, the Court determined an evidentiary hearing was not necessary and denied Plaintiff's motion on April 30, 2013. (Doc. No. 13)

Upon consideration, the Court will deny Plaintiff's motion in limine and for evidentiary hearing. In a § 2254 habeas corpus proceeding, the Court's review of the underlying state court

1

record is limited to constitutional errors by the state court. See 28 U.S.C. § 2254(a) (A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Moreover, an evidentiary hearing is not necessary when the merits of petitioner's claims may be resolved based on the state court record. McCann v. Armontrout, 973 F.2d 655, 658–59 (8th Cir.1992). See also 28 U.S.C. § 2254(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion in Limine Alternatively Motion for Evidentiary Hearing for "Offer of Proof" of States Knowing Use of Perjured Testimony" [31] is **DENIED**.

Dated this 10th day of July, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**