UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERREK FRENCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:13-CV-472 JAR |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Gerrek French's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. No. 1) The Government responded (Doc. No. 20) and Petitioner replied (Doc. No. 32). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice**.

**Background**

In January 2009, a jury found French guilty of one count of forcible sodomy involving S.P. (Count X), and one count of forcible rape (Count XII), one count of forcible sodomy (XIII), and one count of kidnapping (Count XIV) involving A.C. (Resp. Exh. E at 43, 45-47, 64, 66-68) The trial court sentenced French to concurrent twenty-year terms for each of the forcible sodomy convictions and the forcible rape conviction and ten years for the kidnapping conviction, to be served consecutively to the other sentences, for a total sentence of thirty years in the Missouri Department of Corrections. (Id. at 78-82) The Court will address the specific facts of the case where necessary in the analysis section.

French filed a direct appeal, raising two claims:

1. Joinder of the offenses was improper and prejudiced the outcome at trial and the trial court abused its discretion in overruling Appellant's Motion to Sever the offenses, resulting in the violation of Appellant's rights under Article I, Section 10 of the

1

Constitution of the State of Missouri and the Fifth and Fourteenth Amendments of the Constitution of the United States.

2. The trial court erred by denying Appellant's motion for judgment of acquittal as to the forcible sodomy of S.P., as the evidence submitted to the jury was insufficient to establish forcible compulsion as required to sustain a conviction of forcible sodomy.

(Resp. Exh. F) The Missouri Court of Appeals for the Eastern District affirmed the trial court's judgment. State v. French, 308 S.W.3d 266 (Mo. Ct. App. 2010).

On July 6, 2010, French filed a Rule 29.15 motion for post-conviction relief, which was later amended by counsel, raising two claims:

1. Trial counsel was ineffective for failing to investigate Yvette "Lavette" Lynch as a potential witness for the defense. French claimed Ms. Lynch would have testified she was present when the victim, A.C., said she was kidnapped and that A.C. entered his vehicle without force.

2. Trial counsel was ineffective for failing to investigate the propriety of obtaining expert witnesses to testify. French claimed he would produce an expert to testify that the physical logistics of A.C.'s version of her abduction were an impossibility.

(Resp. Exh. I) On March 18, 2011, the motion court denied French's motion without an evidentiary hearing. (Id.)

French appealed the denial, raising a single claim:

The motion court clearly erred in denying Mr. French's Rule 29.15 motion without an evidentiary hearing because Mr. French pleaded facts, not conclusions, that the record did not refute and which entitle him to post-conviction relief, in that Mr. French pleaded trial counsel was ineffective for failing to investigate and call to testify Yvette "Lavette" Lynch whose testimony would have provided a viable defense by refuting the State's evidence of kidnapping.

(Resp. Exh. J) On May 15, 2012, the Missouri Court of Appeals affirmed the decision of the motion court. French v. State, 390 S.W.3d 186 (Mo. Ct. App. 2012).

On March 13, 2013, French filed this § 2254 Petition raising seventeen numbered grounds and one unnumbered ground for relief:

2

1. Trial counsel was ineffective for failing to argue that being a prostitute is inconsistent with being forcibly compelled to engage in sexual activity (Doc. No. 1 at 8, 13); for failing to present a "motion for impeachment" regarding S.P.'s testimony that she could not remember the date of the assault but could remember other details, such as French's truck (id. at 8-13); and for failing to introduce a videotape from a convenience store (id. at 9).

2. Due process was violated based on the theory that S.P.'s history as a prostitute precludes a finding that she could be forcibly compelled to engage in sodomy. (Id. at 14-17)

3. Trial counsel was ineffective for failing to call expert witnesses to testify regarding the "logistical impossibility" of A.C.'s statements, i.e., how French pulled her into his truck. (Id. at 18-20; Doc. No. 1-1 at 7)

4. Trial counsel was ineffective for failing to impeach S.P. on her "contradictory" testimony on the details of the assault. (Doc. No. 1 at 22-23)

5. Trial counsel was ineffective for failing to introduce a videotape from a Quick Trip convenience store[1] to show A.C. was lying about what she was doing before encountering French. (Doc. No. 1 at 28)

6. The trial court erred in ordering the jury to continue deliberations when it indicated it was having trouble reaching a verdict. (Doc. No. 1-1 at 1-3)

7. Due process was violated and trial counsel was ineffective for failing to investigate or call Yvette Lynch to testify that A.C. voluntarily entered his vehicle. (Id. at 4-6)

8. Trial counsel was ineffective for failing to object when the trial court declined to send S.P.'s statement back to the jury during deliberations. (Id. at 8)

9. Trial counsel was ineffective for failing to request instructions on lesser-included offenses. (Id. at 8-9)

10. Trial counsel was ineffective for failing to object at the sentencing hearing when the State discussed earlier "false" allegations that French had previously committed similar offenses. (Id. at 9)

---

[1] Respondent notes it is unclear whether French is referencing the same videotapes in Grounds 1 and 5, but has treated them as making the same claim. (Doc. No. 20 at 16 n. 1)

3

11. Due process was violated or, alternatively, trial counsel was ineffective for failing to request that A.C. be excluded as a witness due the State's failure to produce her for a deposition. (Id. at 9-10)

12. Trial counsel was ineffective for failing to request a continuance rather than taking A.C.'s deposition in the middle of trial. (Id. at 10)

13. Trial counsel was ineffective in failing to impeach Sergeant John Blaskiewicz when Sergeant Blaskiewicz misidentified the brand of French's radio. (Id. at 11)

14. Due process was violated by the loss of evidence (rape kit) or trial counsel was ineffective for failing to impeach A.C. (Id. at 11-12)

15. Due process was violated by an illegal search of French's house (id. at 12) and trial counsel was ineffective for failing to call P.K. to testify about the false report used at sentencing (id. at 13-14) and for failing to call witnesses to show his house was illegally searched (id. at 12-13).

16. Trial counsel was ineffective for failing to review the 911 tape of the report of the assault involving S.P. According to French, the trial testimony differed from the original information given during that call by the neighbor. (Id. at 14)

17. Equal protection rights were violated when French was sentenced to thirty years when his victims were not convicted of prostitution. (Id. at 15-16)

In an unnumbered ground, French claims his due process rights were violated when Alicia Hall was allowed to testify even though she had observed part of the trial proceedings. (Id. at 14-15)

**Standard of review**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

4

any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). " 'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.' " Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

5

Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

**Procedural default**

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings to give the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003); Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997); see also 28 U.S.C. § 2254(c).[2] A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Wemark, 322 F.3d at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default, or a fundamental miscarriage of justice. Jones v. Wallace, No. 4:12 CV 891 JMB, 2015 WL 4599562, at *6 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). If a petitioner has not previously presented the substance of a habeas claim and has no available procedure for doing so because he has defaulted with respect to legitimate state requirements,

---

[2] The Supreme Court has held that § 2254(c) "requires only that state prisoners give state courts a fair opportunity to act on their claims." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To meet the requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id.

6

federal courts are barred from considering such a ground for habeas relief. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001).

In Grounds 1, 3, 4, 5, part of Ground 7, Grounds 8-10, part of Ground 11, Grounds 12 and 13, part of Grounds 14 and 15, and Ground 16, French claims his trial counsel was ineffective for failing to take various actions.[3] In Missouri, claims of ineffective assistance of trial counsel must be raised in a motion for post-conviction relief pursuant to Rule 29.15. See Shigemura v. Groose, 45 F.3d 250, 251 (8th Cir. 1995) (internal citations omitted). To preserve those claims for federal habeas review, the petitioner must also raise them on appeal from the denial of the post-conviction motion. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988) ("Failure to raise a claim on appeal from the denial of a post-conviction motions erects a procedural bar to federal habeas review.").

A review of the record demonstrates that with the exception of that part of Ground 7 concerning the testimony of Ms. Lynch, French failed to raise the ineffective assistance claims he attempts to raise in Grounds 1, 3, 4, 5, 8-10, part of Ground 11, Grounds 12 and 13, part of Grounds 14 and 15, and Ground 16 in his amended Rule 29.15 motion, nor did he raise them on appeal from the denial of that motion. Because French failed to raise these claims in any state court proceeding, he is procedurally barred from pursuing them here. Coleman, 501 U.S. at 731-32; Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). The Court cannot therefore reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.[4]

---

[3] In Grounds 7, 11, 14 and 15, French raises both an ineffective assistance of counsel claim and a claim for violation of his rights to due process.

[4] French has not shown that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence

7

French attempts to establish cause for the default by arguing that his post-conviction counsel failed to raise these claims before the motion court. (Doc. No. 32 at 11-14) Nevertheless, after a complete and thorough review of the State court file, the Court finds French fails to establish that post-conviction counsel's failure to present the underlying ineffective assistance of trial counsel claims in his amended motion rises to the level of ineffective assistance of counsel, or that the claims have merit. Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012) (holding that petitioner must make a showing that post-conviction counsel was ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and must demonstrate that the underlying claim has merit). Consequently, French fails to establish cause for the procedural default of his underlying ineffective assistance of trial counsel claims. Accordingly, Grounds 1, 3, 4, 5, part of Ground 7, Grounds 8-10, part of Ground 11, Grounds 12 and 13, part of Grounds 14 and 15, and Ground 16 shall be dismissed as procedurally barred.

In Grounds 2, 6, the remaining portion of Grounds 11 and 14, 17, and an unnumbered Ground,[5] French claims he was denied due process of law and/or equal protection at trial. French did not raise these claims on direct appeal. The failure to raise constitutional claims of trial error on direct appeal precludes review of such claims in any further state court proceeding and thus results in a procedural default in the absence of rare and exceptional circumstances. Stallings v. State, 784 S.W.2d 862, 863 (Mo. Ct. App.1990); see also Jolly, 28 F.3d at 53; Kennedy v. Delo, 959 F.2d 112 (8th Cir. 1992). French has neither asserted nor shown cause for or prejudice as a result of his failure to properly pursue these claims in state court. Accordingly, Grounds 2, 6, the remaining portions of Grounds 11 and 14, 17, and an unnumbered Ground shall be dismissed as procedurally

---

that affirmatively demonstrates he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception).

[5] Again, in Grounds 11 and 14, French raised both an ineffective assistance claim and a claim for violation of his rights to due process.

8

barred.

**Partial ground 7**

Only part of Ground 7 was properly exhausted in state court. There, French asserts his trial counsel was ineffective for failing to investigate or call Yvette Lynch to testify that A.C. entered his vehicle voluntarily and without force. (Doc. No. 1-1 at 6)

At trial, A.C. testified that on September 21, she was walking on the street when French pulled up beside her in his pickup truck. (Resp. Exh. A at 358-60) After some conversation, French grabbed A.C. and pulled her into his truck. (Id.) On cross-examination, A.C. admitted that shortly before French pulled up, she had been talking with a friend, but the friend was no longer there when French pulled A.C. into his truck. (Id. at 382, 387) Detective Blaskiewicz testified that he located a witness at the scene who saw A.C. "disappear" into the truck. (Id. at 499-501) The witness did not explain how A.C. got into the truck. (Id. at 501)

In his traverse, French provides a portion of the police report detailing Detective Blaskiewicz's interview with Ms. Lynch on September 25, 2006. (Doc. No. 32 at 12) According to the report, Ms. Lynch stated that on the evening of September 21, 2006, she was standing on the sidewalk in front of her sister's house when she observed A.C. walking north on Chippewa on the opposite side of the street. A black male with dreadlocks, occupying a maroon or burgundy color truck or sport utility vehicle, approached A.C. Ms. Lynch stated she looked up and suddenly A.C. "disappeared." Ms. Lynch explained she did not know what exactly happened to A.C. at that point.

French's traverse does not serve to modify or expand the scope of Ground 7. See Rule 2(c)(1) of the Rules Governing Section 2254 Cases (providing that all grounds for relief must be contained in the petition). In any event, the Court has considered it and finds French's argument lacks merit. If Ms. Lynch had been called and testified as French claims she would have, i.e., that A.C. entered his vehicle voluntarily, then she would have been impeached based on the

9

inconsistency with her interview statements. On the other hand, had Ms. Lynch testified consistently with her statements given to the police, her testimony would have been harmful to French's defense. Either way, her testimony would not have affected the outcome of the trial. Therefore, French's claim fails on the merits.

Further, as noted by the motion court, the scope of a competent investigation depends in large part on the information available to trial counsel. See Strickland, 466 U.S. at 691. While French argues that counsel could have and should have conducted additional investigation, he does not allege any facts that would have led counsel to believe she needed to interview Ms. Lynch as part of the investigation. Indeed, at sentencing, French was asked if there were any witnesses that he wanted counsel to call on his behalf that she did not call and he responded, "no." (Resp. Exh. D at 21:25-22:2; 22:11-13) French stated under oath that counsel did everything he asked, answered all of his questions, and put forth a defense as he requested. In addition, French said he was satisfied with counsel's investigation of the case from the information he provided. (Resp. Exh. I at 47-48) Based on French's statements at sentencing, the state court reasonably found the record refuted his conclusory allegations and the Missouri Court of Appeals summarily affirmed. (Resp. Exh. L)

**Conclusion**

After careful consideration, French's federal habeas petition will be dismissed because all of his grounds are procedurally barred, with the exception of part of Ground 7, which lacks merit.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gerrek French's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28

10

U.S.C. § 2253(c)(2); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

    A judgment dismissing this case is filed herewith.

Dated this 24th day of February, 2016.

                                             /s/ John A. Ross
                                           **JOHN A. ROSS**
                                           **UNITED STATES DISTRICT JUDGE**